IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERRY SHAPIRO, Individually and on behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> ASSERTIO HOLDINGS, INC., DAN PEISERT, and PAUL SCHWICHTENBERG <br><br> Defendants. | No. 24-cv-00169 <br> Honorable Franklin U. Valderrama |

ORDER

This is a federal securities class action lawsuit brought by Plaintiff Perry Shapiro (Shapiro), individually and on behalf of all others similarly situated, against Defendants Assertio Holdings Inc. (Assertio), its former Chief Executive Officer (CEO) Dan Peisert, and its former Chief Financial Officer (CFO) Paul Schwichtenberg (collectively, Defendants) for violating §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5. R.[1] 1, Compl. Before the Court are competing motions for appointment of lead counsel under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B). For the reasons that follow, Continental General Insurance Company (Continental General) is appointed lead counsel.

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

**Background**

Assertio is a commercial pharmaceutical company, incorporated in Delaware and with its executive offices in Lake Forest, Illinois, that offers differentiated products to patients utilizing a non-personal promotional model, including Indocin, an oral and suppository solution for the treatment of moderate to severe rheumatoid arthritis. Compl. ¶¶ 17, 23. Assertio is a public company and "ARST" is the common stock ticker symbol that Assertio trades under on the Nasdaq Stock Market. *Id*. ¶ 17.

On March 9, 2023, Assertio announced its Q1 financial results and simultaneously raised its 2023 yearlong outlook. Compl. ¶ 29. On April 25, 2023, Assertio issued a press release contemplating its acquisition of Spectrum Pharmaceuticals Inc., "a biopharmaceutical company focused on novel and targeted oncology, along with Spectrum's injection asset Rolvedon." *Id*. ¶ 3. And on July 27, 2023, Assertio acquired Spectrum and a few days later, issued a press release stating that Assertio looked forward to "building on the successful early results of ROLVEDON®." *Id*. ¶¶ 31–32.

On August 3, 2023, Zydus Lifesciences Limited (Zydus), a generic pharmaceutical company and presumably an Assertio competitor, was approved by the U.S. Food and Drug Administration (FDA) to manufacture and market a generic version of Zydus's Indocin suppositories. Compl. ¶ 33. That same day, Assertio announced its Q2 financial results and withdrew its previously released 2023 financial outlook in light of the FDA's approval of Zydus. *Id*. ¶ 34. At Assertio's earnings call, Peisert continued to emphasize the Spectrum acquisition and minimize

2

the FDA's approval of Zydus. *Id.* ¶ 37. However, by the next day, Assertio's stock price had fallen some $2.44 per share, or 45.6%, closing at $2.91 per share. *Id.* ¶¶ 6, 35.

On November 8, 2020, Assertio announced its Q3 financial results, which were below expectations. Compl. ¶ 7. Describing the financial results as "disappointing," Assertio explained that "the loss of Indocin exclusivity and Rolvedon results below expectations driving significant changes to [its] net income." *Id.* ¶ 39. Upon this news, Assertio's stock price fell by $0.92 per share, or 43.19%, closing at $1.21 per share. *Id.* ¶ 40. On January 3, 2024, Assertio announced that Peisert was stepping down as CEO of the company. *Id.* ¶ 41. The following day, Assertio's stock price fell by $0.12 per share, or 10.96%, closing at $1.01. *Id.* ¶ 42.

On January 5, 2024, Shapiro, individually and on behalf of all others similarly situated, brought claims against all Defendants for violation of Section 10(b) of the Securities Exchange Act of 1934 (Exchange Act) (Count I) and claims against Peisert and Schwichtenberg in their individual capacities (collectively the Individual Defendants) for violation of Section 20(a) of the Exchange Act and Rule 10b-5 (Count II). Compl. In filing this securities class action lawsuit, the Complaint contemplates the class to consist of "all persons and entities other than Defendants that purchased or otherwise acquired Assertio securities between March 9, 2023 and November 8, 2023." *Id.* ¶ 1.

Before the Court are motions for appointment as lead plaintiff under the Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C. §78u-4(a)(3)(B), from purported class members Ron Yancey (R. 10, Yancey Motion), Khuong K. Luong

3

(R. 13, Luong Motion), Neal Serra (R. 17, Serra Motion), Fly Ry Adventures, LLC (R. 20, Fly Ry Motion), University of Puerto Retirement System (R. 24, UPRRS Motion), Victor de Moraes (R. 29, Moraes Motion), and Continental General Insurance Company's (R. 30, CGIC Motion). Potential class member Khuong Luong (R. 35, Luong Non-Opp. Motion), Neal Serra (R. 39, Serra Non-Opp. Motion), and Victor de Moraes (R. 42, Moraes Non-Opp. Motion) have filed additional notices of non-opposition of competing motions for appointment of lead plaintiff and approval of selection of counsel.

## Legal Standard

The PSLRA governs the appointment of lead plaintiff in securities class action suits. 15 U.S.C § 78u-4. No later than twenty days after filing a complaint under the PSLRA, plaintiff must provide published notice "advising members of the purported plaintiff class." 15 U.S.C § 78u-4(a)(3)(A)(i). Such notice must state "the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C § 78u-4(a)(3)(A)(i)(I). And within 60 days of publishing the notice, "any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C § 78u-4(a)(3)(A)(i)(II).

Under Section 78u-4(a)(3)(B)(i) of the PSLRA, a court, no "later than 90 days after the date on which a notice is published . . . shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class

4

members." 15 U.S.C. § 78u-4(a)(3)(B)(i). "A rebuttable presumption [is established] that the 'most adequate plaintiff' is the one who has 'either filed the complaint or made a motion in response to a notice,' has the largest financial interest in the relief sought,' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 227 (N.D. Ill. 2002) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)). Rule 23 governs class actions generally. *See* Fed. R. Civ. P. 23. This presumption, however, may be rebutted "if a member of the purported class establishes that the 'presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Johnson*, 214 F.R.D. at 227–28 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iv)). The PSLRA further provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 18 U.S.C. §78u-4(a)(3)(B)(v).

## Analysis

### I. Timing of Motions

Shapiro filed this securities class action complaint on January 5, 2024, affording any purported class member to move the Court to be appointed lead plaintiff no later than 60 days per the PSLRA or March 5, 2024. Compl. All of motions for appointment of lead plaintiff and approval of counsel were filed timely on March 5, 2025. *See* Yancey Motion; Luong Motion; Serra Motion; Moraes Motion; Fly Ry Motion; UPRRS Motion; CGIC Motion. Shapiro, although the named plaintiff in the lawsuit, did not file a motion to be appointed.

5

**II. Largest Financial Interest**

When appointing lead counsel, the PSLRA presumes that the most adequate lead plaintiff is one who has both filed a timely motion and has the largest financial interest in the relief sought. *Johnson*, 214 F.R.D. at 227. "The largest financial interest provision seeks to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring courts to presume that the member of the purported class with the largest financial stake in the relief sought is the 'most adequate plaintiff.'" *Chandler v. Ulta Beauty, Inc.*, 2018 WL 3141763, at *2 (N.D. Ill. June 26, 2018) (cleaned up).[2] As the Court has stated above, all movants have filed timely motions; therefore, the capstone of the Court's decision is identifying the largest financial interest. The PSLRA "does not specify how courts should measure the largest financial interest in the relief sought by the class." *Id.* (cleaned up). When determining whether a purported class plaintiff has the largest financial interest in the litigation, the Court considers "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the

---

[2]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

approximate losses suffered." *Colwell v. Exicure Inc.*, 2023 WL 2572454, at *2–3 (N.D. Ill. Mar. 20, 2023).

Yancey asserts that he has suffered financial harm of approximately $108,901. R. 11, Yancey Memo. at 5. Luong, for his part, argues that he has lost approximately $54,279 during the Class Period. R. 14, Luong Memo. at 5. Serra also claims to have incurred the largest financial risk, stating that he purchased 14,500 shares of Assertio stock, expended $42,731.57 in net funds, and lost approximately $27,859.40 during the Class Period. R. 18, Serra Memo. at 7. Moraes makes an argument for lead plaintiff, stating that he lost approximately $23,313. R. 32, Moraes Memo. at 6. The University of Puerto Rico Retirement System (UPRRS) argues that it purchased 75,900 Assertio shares, expended approximately $403,070 purchasing the shares, had a net purchase of 70,500 shares, and suffered approximately $306,679 in losses. R. 25, UPRRS Memo. at 6. Fly Ry Adventures (Fly Ry) contends that it suffered a loss of approximately $356,679 at the time of its filing. R. 21, Fly Ry Memo. at 3. Finally, Continental General Insurance (Continental General) argues that it purchased 2,886,751 shares of Assertio stock, expended $16,175,320 on purchasing the stock, and suffered the greatest loss of approximately $5,229,647. R. 31, CGIC at 6. From the motions, supporting briefs, and declarations submitted, Continental General clearly has purchased the most Assertio stock, expended the most money purchasing the stock, and suffered the greatest loss during the Class Period and therefore has the largest financial interests in the relief sought by the class.

7

Before the Court can appoint Continental General as lead plaintiff in this class action, Continental General must also meet the requirements under Rule 23.

### III. Rule 23 Requirements

The PSLRA further provides that the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)(cc). Rule 23 provides that a party may serve as a class representative "only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "In selecting the lead plaintiff under the PSLRA, however, typicality and adequacy of representation are the only relevant considerations." *Johnson,* 214 F.R.D. at 228. Thus, a "wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification." *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *6 (N.D. Ill. Aug. 11, 1997) (cleaned up).

The Court first addresses typicality. To meet the typicality requirement under Rule 23(a)(3), the lead plaintiff's claims must "arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Hedick v. Kraft Heinz Co.*, 2019 WL 4958238, at *9 (N.D. Ill. Oct. 8, 2019) (cleaned up). The Complaint implies that the typicality requirement is met if the class member is similarly affected by

Assertio's wrongful conduct, Compl. ¶ 47; that is, individuals who purchased or otherwise acquired securities from Assertio during the Class Period, March 9, 2023 to November 8, 2028, *id.* ¶ 1. Here, Continental General argues that it meets the typicality requirement because its claims derive from Assertio making misleading statements to its shareholders through misrepresentations and omissions of material facts; those misrepresentations and omissions damaged shareholders, such as Continental General, that purchased Assertio stock during the Class Period. CGIC Memo. at 8. These shared claims, contends Continental General, are based on "the same legal theory and arise from the same events and course of conduct as the class's claims," and meet the Rule 23(a)(3) requirements for typicality. *Id*. With no opposition from the other movants, the Court agrees with Continental General that it has met the typicality requirement of Rule 23(a).

Next, the Court evaluates whether Continental General meets the adequacy requirement. Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). A lead plaintiff meets the adequacy requirements "if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously." *Chandler*, 2018 WL 3141763, at *5. Continental General easily meets this requirement. Retained counsel, Pomerantz LLP, is experienced in litigating securities class actions and has represented other defrauded investors. *See* CGIC Memo. at 10 (citing R. 33, Lieberman Decl., Exh. E). There is no

9

evidence before the Court suggesting that Continental General's interests are in conflict with those of the purported class. Given its alleged losses, it has a substantial interest in the outcome of the case. Finally, Continental General is represented by competent, experienced counsel. For those reasons, the Court agrees that Continental General meets the adequacy requirement under Rule 23(a)(4).

### IV. Lead Counsel

The PSLRA provides that the lead plaintiff shall, subject to court approval, "select and retain counsel to represent the class" they seek to represent. U.S.C. §78u-4(a)(3)(B)(v). Continental General has selected Pomerantz LLP, to serve as lead counsel. No party has challenged Continental General's choice of counsel. Given the extensive experience of the firm in the area of securities law, the Court approves of Pomerantz LLP as lead counsel in this case.

### Conclusion

For the foregoing reasons, the Court hereby grants Continental General Insurance Company's motion for appointment as lead plaintiff [30]. Continental General Insurance Company is appointed lead plaintiff, with Pomerantz LLC serving as lead counsel in *Shapiro v. Assertio Holdings Inc.*, Case No. 1:24-cv-000169 (N.D. Illinois). The Court denies the motions for appointment as lead plaintiff submitted by purported class members Ron Yancey [10], Khuong K. Luong [13], Neal Serra [17],

10

Fly Ry Adventures, LLC [20], The University of Puerto Rico Retirement System [24], and Victor de Moraes [29].

Dated: 04/11/2024

_____
United States District Judge
Franklin U. Valderrama

11