UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Perry Shapiro, et al.
                          Plaintiff,

v.                                              Case No.: 1:24−cv−00169
                                                Honorable Franklin U. Valderrama

Assertio Holdings, Inc., et al.
                          Defendant.

NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, April 30, 2024:

  MINUTE entry before the Honorable Franklin U. Valderrama: The Court has reviewed the briefing on Movant Fly Ry Adventures LLC (Fly Ry)'s Motion to Reconsider Appointment of Lead Plaintiff's Counsel. Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996). And the "[d]isposition of a motion for reconsideration is left to the discretion of the district court." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996); see also Gordon v. Caribbean Cruise Line, Inc., 2020 WL 13506297, at *1 (N.D. Ill. Jan. 22, 2020) ("District courts enjoy broad discretion to entertain motions to reconsider prior decisions."). As a threshold issue, the Court must determine whether Fly Ry has identified newly discovered evidence or a manifest error of law or fact within the Court's order [61]. Fly Ry argues that the Court should reconsider its order appointing Continental General Insurance Company (Continental General) [63] because the Court's failure to set a briefing schedule for opposition motions was a manifest error of law. R. 63, Motion at 4–5. In support Fly Ry relies on one out−of−circuit case, Cavanaugh v. U.S. Dist. Ct. for the N. Dist. Of Cal., 306 F.3d 726, 730 (9th Cir 2002). In response, as relevant here, Continental General argues that Fly Ry has failed to identify any manifest error of law or fact in the Court's Order and that all facts relevant to Fly Ry's arguments about Continental General's ability to satisfy the adequacy and typicality requirements under PSLRA have been available since Continental General filed its initial motion for appointment as lead plaintiff. R. 67, Resp. at 2. The Court agrees with Continental General. "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000); see also, Conditioned Ocular Enhancement, Inc. v. Bonaventura, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) ("[r]econsideration is not an appropriate forum for rehashing previously rejected arguments."). Fly Ry has not identified any controlling precedent that the Court disregarded, misapplied, or failed to recognize. Instead, it hangs its hat on a vague statement about an "adversarial process" from an out−of−circuit case from over 20 years ago. The Court also takes issue with Fly Ry's attempt to blame the Court for its failure to properly oppose Continental General's appointment, particularly when three other movants filed motions of non−opposition following the deadline to file a motion for

appointment as lead counsel. See R. 35, 39, and 42. Put differently, nothing prevented Fly Ry from either filing or seeking to leave to file a response brief to Continental's motion. And as noted by Continental General, Fly Ry has had access to all the relevant arguments and evidence found in the Complaint and Continental General's opening brief before the Court Order. For that reason, Fly Ry's motion to reconsider [62] is denied. Continental General remains appointed as lead plaintiff. Mailed notice (ags)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.