**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PERRY SHAPIRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ASSERTIO HOLDINGS, INC., DAN PEISERT, PAUL SCHWICHTENBERG, AJAY PATEL, SPECTRUM PHARMACEUTICALS, INC., THOMAS RIGA, and NORA BRENNAN,<br><br>Defendants. | Case No. 1:24-cv-00169<br>Honorable Franklin U. Valderrama |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Lead Plaintiff Continental General Insurance Company and additional plaintiffs Perry Shapiro, David Cox, and Tihomir Atanasov (collectively, "Plaintiffs"), submit this response to Defendants' Notice of Supplemental authority submitted on April 14, 2025 (ECF No. 96).

Defendants' supplemental authority does not support their position and has no bearing on what Defendants should have disclosed during the Class Period about Assertio's dispute (via its affiliate Zyla) with Wells Pharma. ***First***, as Plaintiffs' supplemental authority shows (attached as Exhibits A and B), all available authority ***at the time*** Defendants made their alleged misstatements made clear that "[g]iven the federal government's 'nearly exclusive' authority to enforce the FDCA [Food, Drug, and Cosmetic Act], courts around the country have generally refused to encroach on that authority by adjudicating claims that a party has (or has not) complied with the FDCA—even where the plaintiff tries to bring its claims under other federal or state statutes." *Novo Nordisk Inc. v. WELLHealth Inc.*, 2025 WL 699769, at *6 (M.D. Fla. Jan. 30, 2025) (internal

quotation marks omitted); *see also In re Testosterone Replac. Therapy Prods. Liab. Litig.*, 2023 WL 7182750, at \*9 (N.D. Ill. Nov. 1, 2023) (holding Tennessee law was "impliedly preempted by the FDCA" because the claim "exists solely by virtue of an FDCA violation" (brackets and internal quotation marks omitted)). The Fifth Circuit subsequently creating a circuit split with the Ninth Circuit's ruling in *Nexus Pharms., Inc. v. Cent. Admixture Pharmacy Servs., Inc.*, 48 F.4th 1040, 1050 (9th Cir. 2022) regarding the scope of preemption by the FDCA does not retroactively cure Defendants' prior insufficient description of Assertio's dispute with Wells Pharma.

*Second*, Defendants' mischaracterize the Fifth Circuit as having held "that Zyla's claims are not preempted by federal law." ECF No. 96. Rather, even the Fifth Circuit's divergent ruling held as to one of the bases for preemption that the district court's "conclu[sion] that the state laws were preempted because they added to federal requirements" was premature "at this stage of the litigation, [where] Wells Pharma cannot have proven that it satisfies § 353b's many requirements" because "given this procedural posture, we cannot draw factual inferences in Wells Pharma's favor concerning its compliance with § 353b." ECF No. 96-1 at 7 n.2. The Fifth Circuit's ruling thus addressed the burden of proof at the motion to dismiss stage, but did not alter the district court's determination that Zyla "fails to plead any facts to support the assertion that Defendant [Wells Pharma] is noncompliant with the compounding provisions of the FDCA." *Zyla Life Scis., LLC v. Wells Pharma of Houston, LLC*, 2023 WL 6301651, at \*4 (S.D. Tex. Sept. 27, 2023). Defendants' supplemental authority therefore confirms the misleading nature of Defendants' description of Wells Pharma's compounding of indomethacin "in what we believe to be violation of certain provisions of the FDCA" (ECF No. 73 (Amended Complaint) ¶¶ 56-57, 155-56, 183) even though Defendants did not have any facts to support that position.

*Third*, Defendants' supplemental authority does not relate to whether their statements are

2

actionable because Defendants' statements related to generic competition to Indocin are adequately alleged to be materially false and misleading for ***independent reasons*** concerning the omission of information related to suitability petitions from competitors other than Wells Pharma. *See* ECF 90 (Plaintiffs' Opp. to MTD) at 8-9 (citing Amended Complaint ¶¶ 47-51, 58). Moreover, Defendants' many statements related to Rolvedon and Assertio's acquisition of Spectrum Pharmaceuticals, described throughout the Amended Complaint and Plaintiff's Opposition to Defendants' Motion to Dismiss, are materially false and misleading for reasons entirely separate from those related to Assertio's dispute with Wells Pharma or generic competition to Indocin.

Defendants' supplemental authority thus confirms the inadequacy of their disclosures related to Assertio's dispute with Wells Pharma and is otherwise irrelevant to Plaintiffs' claims.

Dated:  April 18, 2025

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Michael Grunfeld* _____
Jeremy A. Lieberman
Michael Grunfeld (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
mgrunfeld@pomlaw.com

*Lead Counsel for Plaintiffs*

**DJS LAW GROUP LLP**
David J. Schwartz
274 White Plains Road, Suite 1
Eastchester, New York 10709
Telephone: (914) 206-9742
david@djslawllp.com

*Counsel for Lead Plaintiff Continental
General Insurance Company*